UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GABRIEL WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:17-cv-4274 |
| | ) |
| STATE OF INDIANA, DEPARTMENT | ) |
| OF TRANSPORTATION and | ) |
| COMMISSIONER JOE MCGUINNESS, | ) |
| in his personal and official capacity, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1. This is an action brought by Plaintiff, Gabriel West ( "West" and/or "Plaintiff"), by counsel, against Defendants, State of Indiana, Department of Transportation ("INDOT") and Commissioner Joe McGuinness, ("McGuinness") (collectively "Defendants") in his official and personal capacity, pursuant to the Americans with Disabilities Act Amendments Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.,* Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 701 *et seq.* (hereinafter "Section 504") and the *Ex Parte Young*, 209 U.S. 123 (1908) exception to the Eleventh Amendment.

**II. PARTIES**

2. West, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendants have resided and/or maintained one or more offices in and conducted

business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C.A. § 1331, 42 U.S.C. § 12117, and 29 U.S.C. § 2617(a)(2).

5. Defendants are "employer[s]" as defined by 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

6. West was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(2), and an "eligible employee" as that term is defined by the FMLA.

7. At all times relevant to this Complaint, Defendants employed West in the position of Highway Technician at INDO.

8. West is a qualified individual with a disability as that term is defined by 42 U.S.C. §§ 12102 and 12111.

9. West exhausted his administrative remedies by timely filing charges of discrimination / retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC") (Charge Number 470-2017-01931). West received the appropriate Notice of Suit Rights and brings this action within ninety (90) days of his receipt thereof.

10. Defendant receives federal funding for a variety or programs and projects.

11. All events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV. FACTUAL ALLEGATIONS

12. West began working for INDOT in November 2013

13. Throughout his employment with INDOT, West met or exceeded all of INDOT's legitimate employment expectations.

14. In March of 2016, while working for the Defendant, West was struck by a drunk driver. As a result of this incident, West now suffers from degenerative spinal injuries and musculo-skeletal deterioration.

15. Due to his disabilities, West is substantially limited in the following major life activities: sleeping, working, caring for himself, and interacting with others, among others.

16. West is able to perform all of the essential functions of his position with or without a reasonable accommodation.

17. After recuperating from his injuries, West returned to work under restrictions. As an accommodation to these restrictions, West was placed in a new position assessing damage to state property.

18. Eventually, after more recuperation, West was placed on permanent restrictions by his medical provider. Specifically, West could not climb into or out of large trucks.

19. After learning of these restrictions, Defendant informed West that it would not accommodate the new restrictions and that he would not be allowed to continue in the position he had been since returning to work.

20. West attempted to engage the Defendant in the interactive process by requesting accommodation related to his role as Highway Maintenance and/or by placing him within different compliant with his restrictions.

21. At the time the decision not to accommodate West was made, Defendant did have positions available, and was seeking applicants to fill such positions, that West was qualified for.

Despite specific requests from West, Defendant refused to allow West to change to the new position or to even consider or explore possible alternatives.

22. Defendant refused to accommodate West because of his disability.

23. All reasons proffered by Defendant for adverse actions taken by it regarding Plaintiff's employment are pretextual.

24. Plaintiff has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

## ADAAA FAILURE TO ACCOMMODATE

25. Plaintiff hereby incorporates paragraphs 1-24 of his Complaint, as if the same were set forth at length herein.

26. Plaintiff is a qualified individual with a disability and/or has a record of a disability.

27. Plaintiff is able to perform all of the essential functions of his job with or without a reasonable accommodation.

28. Plaintiff requested that Defendant transfer him to another position for which he was qualified and/or requested modifications to his current position related to restrictions.

29. Plaintiff's requests constituted requests for reasonable accommodation.

30. Defendant failed to engage in the interactive process.

31. Plaintiff has been damaged as a result of Defendant's failure to accommodate, including, but not limited to termination of employment.

32. Defendant's actions were intentional, willful, and in reckless disregard of

Plaintiff's rights as protected by the ADAAA.

## COUNT II

## ADAAA DISCRIMINATION

33. Plaintiff hereby incorporates paragraphs 1-32 of his Complaint, as if the same were set forth at length herein.

34. Plaintiff is a qualified individual with a disability and/or regarded by Defendant to have a disability and/or has a record of a disability.

35. Defendant subjected Plaintiff to disparate treatment because of Plaintiff's disability.

36. Defendant terminated Plaintiff because of his disability and/or because Defendant regarded Plaintiff as disabled and/or because of his record of disability.

37. Plaintiff has been damaged as a result of Defendant's unlawful discrimination.

38. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADAAA.

## COUNT III

## SECTION 504 FAILURE TO ACCOMMODATE

39. Plaintiff hereby incorporates paragraphs 1-38 of his Complaint, as if the same were set forth at length herein.

40. Plaintiff is a qualified individual with a disability and/or has a record of a disability.

41. Plaintiff is able to perform all of the essential functions of his job with or without

a reasonable accommodation.

42. Plaintiff requested that Defendant transfer him to a daytime, non-supervisory position.

43. Plaintiff's requests constituted requests for reasonable accommodation.

44. Defendant failed to engage in the interactive process.

45. Plaintiff has been damaged as a result of Defendant's failure to accommodate, including, but not limited to termination of employment.

46. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by Section 504.

## COUNT IV

## SECTION 504 DISCRIMINATION

47. Plaintiff hereby incorporates paragraphs 1-46 of his Complaint, as if the same were set forth at length herein.

48. Plaintiff is a qualified individual with a disability and/or regarded by Defendant to have a disability and/or has a record of a disability.

49. Defendant subjected Plaintiff to disparate treatment because of Plaintiff's disability.

50. Defendant terminated Plaintiff because of his disability and/or because Defendant regarded Plaintiff as disabled and/or because of his record of disability.

51. Plaintiff has been damaged as a result of Defendant's unlawful discrimination.

52. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by Section 504.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Gabriel West, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2. Defendant grant Plaintiff's request for reasonable accommodation;

3. Defendant pay compensatory damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

*s/ Keenan D. Wilson*
Keenan D. Wilson (32195-49)

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Gabriel West, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

                          Respectfully submitted,

                          *s/ John H. Haskin*
                          John H. Haskin (7576-49)

**JOHN H. HASKIN & ASSOCIATES**
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
(317) 955-9500
(317) 955-2570 fax
jhaskin@jhaskinlaw.com
kwilson@jhaskinlaw.com

Attorneys for Plaintiff, Gabriel West